UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY A. SMITH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-199-JD-JEM |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Jerry A. Smith, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Smith alleges that, on January 23, 2023, Correctional Officer A. Hilton sat on Smith's bed and stared at him for several minutes. She explained that Lt. Starks said Smith needed to take his curtain down. He complied. She left. During count, Smith asked if he could go get his tablet and he apologized "for any way [he] made her feel for not giving her no attention." ECF 1 at 3. At some point, Smith asked Officer Hilton not to blink her eyes at me in a certain manner. She then began yelling, pulled out her OC

spray, and sprayed him. Officer Hilton told Sgt. Hogan that Smith tried to hit her, but Smith says this is untrue.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Smith the benefit of the inferences to which he is entitled at this stage of the case, he states a plausible Eighth Amendment claim against Correctional Officer A. Hilton.[1]

Regarding the other defendants, the complaint alleges only that Lt. Starks directed that Smith remove his curtain, and that Officer Hilton lied to Sgt. Hogan. The complaint includes no allegations regarding Sgt. Lee or Warden John Galipeau. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). Because Smith has not

---

[1] Smith indicates that he faced a disciplinary charge because of his encounter with Officer Hilton, but he does not indicate if he was found guilty or sanctioned. If the evidence later establishes that Smith was found guilty of an offense and sanctioned with a loss of credit time, he will not be able to proceed with this claim if a finding in his favor here would imply the invalidity of that conviction. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted).

2

alleged that Lt. Starks, Sgt. Hogan, Sgt. Lee, or Warden John Galipeau violated any of his constitutional rights, these defendants must be dismissed.

For these reasons, the court:

(1) GRANTS Jerry A. Smith leave to proceed against Correctional Officer A. Hilton in her individual capacity for compensatory and punitive damages for using excessive force against Smith on January 23, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden John Galipeau, Lt. Starks, Sgt. Hogan, and Sgt. Lee.;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officer A. Hilton at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer A. Hilton to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 29, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT