### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| JERRY A. SMITH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:23-CV-199-JEM |
| | ) | |
| A. HILTON, | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Jerry A. Smith, a prisoner without a lawyer, is proceeding in this case against Correctional Officer Alexis Hilson "in her individual capacity for compensatory and punitive damages for using excessive force against Smith on January 23, 2023, in violation of the Eighth Amendment[.]" [DE 28 at 3]. Officer Hilson filed a motion for summary judgment. [DE 186]. Smith filed a response, and Officer Hilson filed a reply. [DE 194, DE 197]. Smith also filed a motion objecting to Officer Hilson's reply, and Officer Hilson filed a motion to strike that motion. [DE 198, DE 200].[1] The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a

---

[1] In his "Motion of Objection," Smith reiterates the same arguments in his summary judgment response and does not provide any substantive basis for objecting to Officer Hilson's reply. [DE 198]. The Court therefore denies Smith's "Motion of Objection" [DE 198] and denies Officer Hilson's motion to strike [DE 200] as moot.

properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id.* at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id.* at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

Officer Hilson provides an affidavit in which she attests to the following facts: On the date in question, Officer Hilson was the only correctional officer present in P1 Cellhouse at Westville Correctional Facility. [DE 186-1 at 1-2]. She approached Smith in his cell and instructed him to remove a sheet obscuring the view of his bunk bed. *Id.* Smith complied with the order and removed the sheet. *Id.* Approximately ten to twenty minutes later, Officer Hilson was in the P1 North dayroom when she noticed Smith trying to get her attention from the P1 South hall. *Id.* Smith began yelling at her for the way she "blinked at him," and accused her of "trying to get everyone sick." *Id.* Officer Hilson believed Smith was upset because she'd asked him to remove his bed covering. *Id.* As Smith continued to yell, Officer Hilson approached the door leading from the P1 North dayroom to the P1 South hall to attempt to deescalate the situation. *Id.* Smith began shaking his head and waiving his hands toward her, then walked toward her and continued to yell at and threaten her. *Id.* Officer Hilson attempted to deescalate the situation, but Smith continued yelling and even approached her at one point. *Id.* at 3. A crowd of inmates began to form to watch the disturbance caused by Smith, which made Officer Hilson feel fearful and threatened by Smith and the gathering crowd of inmates. *Id.* Officer Hilson told Smith to step back, but Smith did not comply with this order. *Id.* She then yelled "OC" one time to warn Smith she would use Oleoresin Capsicum[2] spray if he continued to refuse orders. *Id.* Despite this warning, Smith continued toward her in an aggressive and agitated manner, so Officer Hilson deployed a two-second burst of OC spray in his direction. *Id.* This stopped Smith's advances and caused him to retreat away from her and toward the P1 South bathroom. *Id.* Officer Hilson called for backup and other correctional officers arrived, which ended Officer Hilson's interactions with Smith. *Id.* at 3-4.

---

[2] Oleoresin Capsicum ("OC") spray is also known as pepper spray and is used by prison staff to control prisoners or maintain order.

In his response, Smith argues Officer Hilson's application of OC spray was excessive because there was a door between them and he was attempting to apologize to her, so there was no reason for her to feel threatened. [DE 194 at 1-4; DE 194-1 at 2-9]. But Smith does not dispute that he approached Officer Hilson, caused a disruption which attracted the attention of other inmates, and refused her orders to "step back" even after she warned him she'd use OC spray. Video surveillance of the incident shows that Smith waved his arms at Officer Hilson while having an animated conversation, and Officer Hilson only used OC spray once Smith approached her at the door. [DE 193]. Even accepting as true that Smith didn't intend to threaten Officer Hilson, the undisputed facts show she had valid reasons for using force, as Smith was causing a disturbance and refusing to comply with orders to step back. Considering the factors laid out in *Hendrickson*, there was a valid need for the application of force, Officer Hilson had legitimate reasons to feel threatened, and there's no evidence she used more force than was reasonably necessary to restore order. *See Musgrove v. Detella*, 74 F. App'x 641, 646 (7th Cir. 2003) (OC spray "can be used in limited quantities when reasonably necessary to subdue or maintain control over an inmate," and "violates the Eighth Amendment only if it is used 'in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain'") (citing *Soto*, 744 F.2d at 1270–71). Therefore, Officer Hilson's use of force is entitled to deference, and no reasonable jury could conclude it was malicious or sadistic.

For these reasons, the Court:

(1) **GRANTS** Officer Hilson's motion for summary judgment [DE 186];

(2) **DENIES** Smith's "Motion of Objection" to Officer Hilson's reply [DE 198];

(3) **DENIES AS MOOT** Officer Hilson's motion to strike [DE 200]; and

(4) **DIRECTS** the Clerk of the Court to enter judgment in favor of Officer Hilson and

against Jerry A. Smith and to close this case.

SO ORDERED this 9th day of July, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
      Plaintiff, *pro se*